The first case this afternoon is Jasper v. Carle Foundation Hospital. It's case number 4090703. For the appellant, we have Marvin Gersten. And for the appellee, Karen Kendall. Did I pronounce your name correctly? You may proceed. Oh, I'm sorry. I asked you if I pronounced your name correctly. I said Gersten. Gersten is correct. Okay. Thank you. I'm a bit of hard of hearing, so that's why I have this volume enhancer. This matter comes before this honorable court with regard to the dismissal of plaintiff's first amended complaint with prejudice by the trial judge. And his first amended complaint is sounding in medical battery. And the motion to dismiss that was predicated upon a 2-619 and 2-615 motion. In order to succeed under 2-619 motion, the only available part of that motion would be under a subsection, paragraph 9, where there had to be a filing of some affirmative matter by way of affidavit that would indicate that the particular cause of action as filed by the plaintiff was not viable. And none has been filed. And in this case, what has been pled is a medical battery complaint predicated upon a total lack of consent to the procedure performed. And in this case, what happened was that Mr. Jasper, the plaintiff, went in for right hip replacement surgery, and the consent forms that were provided him that he had signed off on did not provide that there would be a preoperative insertion of a Foley catheter in his penis, which was contrary to the protocol that the defendants had set out, which, if I may, before anything is done, the medical staff will explain all the things that will happen during surgery, and the following information will be explained. And one of it is, if needed, tubes may be inserted to drain fluids from your bladder and stomach. And a Foley catheter is an instrument that drains fluids from your bladder. This was never disclosed to the plaintiff. And if you look at the consent forms that were signed by the plaintiff, nothing is ever mentioned about the use of a Foley catheter or an instrument to remove fluids from your bladder. All it says is a right hip replacement surgery. Yet there are lines that can be indicated that we're going to have to use this Foley catheter. They do make specific reference to anesthesia, which is one of the items in the protocol that will be explained to you. So in this situation, there having not been any type of disclosure of the use of a Foley catheter, there could never be any consent. So there was no consent by the plaintiff to that, and he indicates in his complaint, if he had been disclosed this, he would have told them he doesn't like to have his penis touched, he doesn't like to have anything inserted in his penis, he doesn't like to have an opening in his penis, and that he would need further explanation. I believe that even though a particular fact situation occurs in a medical setting, that doesn't necessarily preclude any other causes of action other than medical malpractice. For example, recently the Illinois Supreme Court has stated that you could plead negligent infliction of emotional distress where a physician left a patient with half a fetus outside of her body and did return to that patient for about an hour, an hour and a half. There may have been medical malpractice in that case, but the court also said that we don't need to have expert witnesses to determine whether or not there's been negligent infliction of emotional distress. And so it appears to me that what is being argued by the defendants is extrajudicial facts which have not been placed in an affidavit to support their motion to dismiss between 6-19-89. And they, by filing their motion, have admitted all of the facts and all of the reasonable inferences well pled in the complaint that was filed, the first amendment complaint that was filed by the plaintiff Samuel Jasper. Therefore, I would advise the court that I think we're only at a pleading stage, and I think an appropriate battery charge has been pled, there being no consent. And in Lane v. Anderson, the Third District Public Court decision in 2004, 345 Illinois Ave. 3rd, 256, said a cause of action for medical battery survives if any of the following is pleaded. And one of them is a total lack of consent to the procedure performed. So what we have here is a total lack of this preoperative procedure. Within every surgical procedure, there's going to be various types of sub-procedures in getting that patient ready for surgery. And to say that carte blanche, that a right hip replacement surgery requires a preoperative insertion of a polycatheter, has to, I think, be delegated by some type of affirmative matter by way of affidavit in order to support a 619 motion to dismiss. I believe also that there's nothing here with regards to the defendant's motion as to 615 to say that this given set of facts could not produce medical battery. I see, in fact, a number of cases that could occur in this set of facts. One, medical battery. Two, there could be a breach of contract between the plaintiff and the defendant because they failed to follow the protocol which put upon the medical personnel at the defendant's facility with the duty to disclose the use of a polycatheter. And there's nothing in the consent forms that even hint to that in a preoperative situation in getting you ready for surgery. And so I believe that the factual situation as presented by the First Amendment complaint states the cause of action and that there was a total lack of consent to the insertion of a polycatheter and that that's not something like an IV or shaving your right hip in getting ready for surgery. This is an invasion of a person's private part and an invasion of his person. It's not something that you do on the outside of the body, but actually it's done inside the body. And I don't think that to characterize a right hip replacement surgery as encompassing all of these preoperative and operative procedures, as the lower court seems to indicate in dismissing their complaint with prejudice, is that that's assuming that there are certain people who know about medical procedures. I had no idea that a polycatheter was going to be used until 1992 when I had parathyroid surgery. And my surgeon explained to me that if I was going to be on the operating table for more than three hours, the chances are he's going to use a polycatheter because of the buildup of fluids in my bladder. But I had no idea that a polycatheter was going to be used because I had parathyroid surgery which went to my neck. Well, counsel, let me ask this question. For the reason you just mentioned, isn't this really more a question, since a consent was obtained from your client for surgery generally, wasn't this, as you just pointed out, more concerned about he wasn't as informed fully as he should have been about what the surgery would entail, that it would entail a polycatheter? Kind of a lack, a claim of lack of informed consent as opposed to no consent at all, which is really the battery claim. I mean, in the battery you say, this guy had no authority to do anything, as opposed to he clearly had authority to perform the surgery, it's just this part of it. Isn't that a difference? Right. I believe that what Mr. Gasser agreed to was the right hip replacement surgery, but not being disclosed that it's part of that surgery pre-optically, because you've got the pre-op, the surgery, and then the post-op, that the insertion of a polycatheter at that time where the protocol required that to be disclosed, there was no consent at all. He didn't consent to that particular procedure. But Illinois law distinguishes between battery on the one hand and lack of informed consent on the other, doesn't that? Right. It does. And that would be, and it could be under 622, 2-622, where you fail to disclose the consequences of a particular treatment. But that seems to indicate that that treatment has been disclosed to you, and that the consequences thereof, certain consequences, have not been disclosed, which, based upon an affidavit and a statement from a professional, medical professional in that field would say, no, you should have disclosed these consequences because they're part and parcel of this kind of treatment that should have been disclosed. For example, the U.S. Supreme Court recently held that where a person went in for treatment for migraine headaches, and she got an injection and was not disclosed, that one of the consequences of that injection was that she could get gangrene, and she did, and she lost her hand. And it seems to me that you consented to that particular treatment. Here you consented to a right hip replacement surgery, but there are other things that you have to be disclosed with regard. And what's really salient to me about that is that the protocol provides the discussion of anesthesia, and then the consent form does the specific thing about anesthesia. So it seems to me that the consent form does not match up with the protocol, and it would be very easy for them to just have one little line that during this kind of surgery, a instrument may be inserted for the removal of fluid that builds up in your bladder. You mentioned, by the way, the motion to dismiss. Did they file a motion to dismiss under both 2615 and 2619 jointly under 2619.1? And the 2619, the 2-619 motion in order for, it sets forth all these various reasons why a complaint should be involuntarily dismissed with prejudice. And none of them appear with regard to this complaint. What about the, didn't they have 2615 as part of their motion to dismiss? Well, 2615 is part of their motion to dismiss, but I think that under the given situation of the facts pled, which has been admitted by the defendants, that that has stated a cause of action for medical-bound battery. Namely, that one, there was no consent given because there was no disclosure made, and that had disclosure been made, the plaintiff would have advised them why he wouldn't want this polycatheter being inserted and more explanation would have been given to him. For example, having a small hole in your penis may require that the doctor, surgeon, or the personnel on hand call in a urologist to determine what kind of polycatheter to use. Is this a general one, or do we have one with a smaller instrument that can be inserted into the penis? So I think those are the kinds of things when you fail to disclose you're subject to creating a medical battery because there was no consent to the procedure in question that was performed on you. Thank you very much. I had one question for you. Page 24 of the defendant's brief. Page 24? Page 24. This sentence concerns me, and I'd like to hear your responses to whether you think it's accurate. The patient literature which plaintiff received informed the plaintiff that polycatheter may need to be inserted into the bladder. Well, that's not correct. What's incorrect about it? What? What is incorrect about it? Well, the patient never received information of any kind of literature that a polycatheter or two may be inserted into his bladder in order to drain his bladder of urine during the surgical procedure and during his post-surgical recovery. And what we're talking about is a pre-surgical procedure. So, for example, say there's a surgical procedure and it becomes necessary for the health and life of the patient to exercise a polycatheter. That may be an issue, but this was before the surgery and the cutting occurred. And so this was a situation where there was no life and death effect on the patient. It was preoperative. And all of the materials that the consent form says that they have given to the patient simply indicates that I have received the Carle Foundation Notice of Privacy Practices or the Patient Registration and Admitting Information booklet, which includes the Carle Foundation Notice of Privacy Practices. It doesn't make any reference to the specific five-page protocol that is directed to the staff of the Carle Clinic or Carle to advise what will happen to prepare you for surgery and what will happen during surgery. And the following information will be explained to you. It's an obvious duty that if needed, tubes may be inserted to drain fluids from your bladder and stomach. So, once again, we're having a situation where there's this carte blanche kind of view of a right hip replacement surgery as being a right hip replacement surgery when it has specific individual parts. It has the preoperative part, the operation, and then the postoperative part. And those seem to be referring only to the surgery and not to the preoperative part. I would say it probably would be more difficult if they could say that during the surgery complications arose where we had to give him a postoperative. I don't think that would be medical battery. But in this case, it was before. It was before anything was ever done to his body with regard to a surgical incision or where any kind of problem arose with regard to the surgery that would have created a need for the use of a polycatheter that would allow for a judgment call on behalf of the physician. This was before that. And so I think that one of the things that is needed, that Mr. Jasper is just an 83-year-old layperson. He doesn't know about this stuff. This is his first hip replacement surgery. And it seems to me if he knew that he had a small hole in his penis, that would be something he wanted to discuss if he knew his penis was going to be affected by a polycatheter so that it could be explained to him, okay, let's take a look and see what we can use and what kind of polycatheter we can use to accommodate that particular procedure or that particular impairment that you might want to call. Thank you very much. Thank you, Counsel. Ms. Kendall. Thank you, Your Honor. If it please this Court and Counsel, my name is Karen Kendall. Today I represent Carl HealthCare and Carl Foundation Hospital, the defendants in this case. As the plaintiff has pointed out to you, this case is solely before this Court on the question of whether the allegations of the First Amendment complaint have stated a cause of action for medical battery. The trial court concluded that there were no facts and could be no facts alleged which would support a cause of action for medical battery. As this Court knows, there are three different options in order to state a cause of action. The plaintiff has elected to fall under that first option that's listed in the Lane case and the other decisions, which is a total lack of consent. So in looking at this case, the trial court reached a common sense decision. No one contends that the polycatheter was inserted for any purpose other than to support the hip replacement surgery. In other words, there can be no contention that it was an independent procedure or would have been performed unless there was a hip replacement surgery. The trial court's ruling in this case was that the two specific consents, which were part of the First Amendment complaint and part of the original complaint, necessarily implied and included all of the supporting procedures as part of that hip replacement surgery. Now, plaintiff's counsel keeps trying to make two assertions which I think are unfounded. One, he says, the possibility of a polycatheter being used was never disclosed. Yet he attaches a five-page, single-spaced patient information sheet, which basically starts you from the very beginning of the process and walks you in great detail through everything that will happen pre-surgically, surgically, and fluids from your bladder. It is hard, in light of that, to see how he could ever maintain that this was not disclosed. Secondly, plaintiff's counsel... Is there something which can be considered on a motion to dismiss under 2615? Well, yes, Your Honor. This patient information sheet is part of the complaint, which is... It was attached to the verified complaint. Okay. And if you look at that attachment to the verified complaint on page three, the subheading is the operating room. And that's where you find the information that a tube may be inserted into the bladder to drain the fluid, not as a pre-surgical procedure, but rather in the operating room. And in this case, and there's no dispute that this was done under general anesthesia after the surgical procedure had begun. I would ask this Court to consider how it would benefit either society in general or medical care if we were to make a special rule for Mr. Jasper, which took into account his undisclosed and unarticulated hypersensitivity to this particular procedure. I don't see how it could possibly benefit either society in general or medical care. There's simply... It seems like the entire complaint of the plaintiff could have been addressed, however, if there just was greater clarity. Maybe given the nature of the people you're dealing with, who may be various levels of sophistication, how about saying a tube may be inserted through the penis into the bladder during the surgery so that the bladder will be drained. It could have been more anatomically detailed. I agree with that. And the plaintiff has said, well, this wasn't explained to me anatomically. But at best, Your Honor, that could be, at its very best, a negligence claim. It couldn't amount to a medical battery. And all this Court is asked to decide today was whether the trial court correctly concluded that plaintiff's first amended complaint did not and could not state the cause of action for a medical battery. We ask this Court to affirm the judgment of the trial court. Are there no questions? Thank you. Rebuttal, please. The only rebuttal I have is that with regard to the protocol in question under operating room, it does indicate that we will explain the things that will happen to prepare you for surgery. So there are things that can happen in the operating room that prepares you for surgery. And one of the things would be this insertion of a folic catheter to which I believe there was no consent given and which should have been disclosed. Thank you. Thank you. The case is submitted and the Court will stand in recess.